UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BILLY G WRIGHT SR #56789         CIVIL ACTION NO. 22-cv-517 SEC P

VERSUS         JUDGE S. MAURICE HICKS, JR.

CADDO CORRECTIONAL CENTER ET AL         MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Billy G. Wright ("Plaintiff"), a self-represented inmate at the Caddo Correctional Center ("CCC"), filed this civil action against CCC, Sheriff Steve Prator, and Commander Rick Farris. Plaintiff has failed to respond to a motion for more definite statement or comply with two court orders related to the motion. For the reasons that follow, it is recommended that this action be dismissed for failure to prosecute and failure to comply with court orders.

**Background Facts**

Plaintiff's original complaint and a related statement (Doc. 5) alleged that Plaintiff uses a wheelchair because his left leg is amputated above the knee, and his right foot has been reattached. He complained that CCC housed in him in a non-handicapped cell with a worn-out wheelchair with faulty brakes, and the cell lacked bars that he could use to pull himself up to use the toilet.

Plaintiff alleged that on September 8 (presumably 2021) he fell on his face while trying to grab the sink, and he blacked out. Plaintiff alleged that on February 8 (presumably

2022) he tried to get off the toilet, but the brakes on the wheelchair did not hold, and he fell and hit his head. Plaintiff alleged that the fall resulted in severe headaches, sprained tendons, and nerve damage to his neck and left shoulder. Plaintiff alleged that CCC has handicap-accessible cells, but due to overcrowding they were filled with able-bodied inmates.

Defendants Prator and Farris filed a Motion for More Definite Statement (Doc. 21) and complained that Plaintiff had merely listed them as defendants but had not alleged any conduct on their part that would provide a basis for liability. They added that Plaintiff did not identify any other CCC personnel whom he contended denied him access to a handicap cell or spoke with him about alleged problems with his wheelchair and falls. Plaintiff did allege in his original complaint that he "told a couple of the housing unit deputy about my medical problem and how I'm unable to get around in the cell."

Plaintiff asked for additional time to respond to the motion for more definite statement and for permission to propound a written interrogatory to request information relevant to his claims. Defendants served a formal answer to his interrogatory on December 14, 2022. The court then issued an order that granted Plaintiff until January 17, 2023 to file (1) a memorandum in opposition to the motion for more definite statement or (2) an amended complaint that attempted to cure the shortcomings alleged in the motion. Doc. 30. Plaintiff did not file anything in response to the order.

The court granted the motion for more definite statement, primarily because the complaint did not contain any allegations that indicated personal involvement of either Prator or Farris in the relevant events. Plaintiff was ordered to file an amended and restated

complaint that set forth all of his claims against Farris, Prator, or other appropriate defendant. The deadline for compliance was February 15, 2023. The order warned: "Failure to comply with this order may result in dismissal of this civil action for failure to prosecute." Doc. 31. Plaintiff did not file an amended complaint or anything else in response to the order, and the deadline for compliance passed more than a month ago.

**Analysis**

"A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988), citing Fed. R. Civ. P. 41(b). "The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant." Id., citing Link v. Wabash Railroad, 82 S.Ct. 1386, 1388-90 (1962). Dismissal for such failures may be ordered "with or without notice to the parties." Rogers v. Kroger Company, 669 F.2d 317, 319-20 (5th Cir. 1982).

Plaintiff's claims would likely be barred by prescription if the complaint is dismissed without prejudice, so the effect of such a dismissal would be the same as a dismissal with prejudice. Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 417 (5th Cir. 2006). Dismissal with prejudice for failure to prosecute may be warranted if: (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court expressly determines that lesser sanctions would not prompt diligent prosecution, or the district court employed lesser sanctions that proved to be futile. Berry v. CIGNA/RSI–CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992). In most cases where the Fifth Circuit has affirmed dismissals with prejudice, at least one of three aggravating factors were found: (1) delay

caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.  Id.

Dismissal, even considering the harsh consequences, is appropriate in this case. There is a clear record of Plaintiff twice failing to comply with a court-ordered deadline regarding a simple but critical matter.  There is no attorney to blame for the failure. Plaintiff himself has handled all aspects of his case, and he has offered no excuse for his lack of compliance.  There is no reason to believe that a third opportunity or a less drastic sanction would garner compliance; it appears that Plaintiff has chosen to abandon this litigation.  The defendants are prejudiced by Plaintiff's lack of compliance because the general nature of the original complaint placed them at a disadvantage in formulating an answer or other response. A consideration of all the relevant factors suggests that a dismissal without prejudice, even though it may effectively be with prejudice, is warranted.

Accordingly,

It is recommended that this civil action be dismissed without prejudice for failure to prosecute and failure to comply with court orders.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of March, 2023.

Mark L. Hornsby
U.S. Magistrate Judge